# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GENEVA ENTERPRISES, LLC; and
AV AUTOMOTIVE, LLC;

     *Plaintiffs*,

v.

AARON CHAVEZ; ALEX GUEVARA; ANA FLORES; ANTHONY CIPRIANO; ANTONIO RIVERA; BRUCE WILSON; CARLOS ROMERO; CHELSEA MONTES; CHRISTIAN ISOPESCU; DOGAN GUNESSEVER; EDWARD MARTIN; ERODITA GUEVARA; EUN SHIN; HECTOR OROZCO; HUGO CAJINA; JAMES OSBORN; JEFFREY SHADE; KAI REED; MICHAEL KENTES; MICHAEL HOOK; PATRICK WHITE; PAUL LYONS; ROBERT DORMAN; ROBERTO HUACCHA; ROY BRAXTON; ROY HIPPERT, JR.; SEAN MCLAIN; THOMAS GRANT; TOMMY TRAN; WILLIAM SMITH; and WILLIAM BONILLA;

     *Defendants*.

Case No.: ___1:24-cv-704_____

## NOTICE OF REMOVAL

COME NOW, Defendants Aaron Chavez; Alex Guevara; Ana Flores; Anthony Cipriano;

Antonio Rivera; Bruce Wilson; Carlos Romero; Chelsea Montes; Christian Isopescu; Dogan

Gunessever; Edward Martin; Erodita Guevara; Eun Shin; Hector Orozco; Hugo Cajina; James

Osborn; Jeffrey Shade; Kai Reed; Michael Kentes; Michael Hook; Patrick White; Paul Lyons; Robert Dorman; Roberto Huaccha; Roy Braxton; Roy Hippert, Jr.; Sean Mclain; Thomas Grant; Tommy Tran; William Smith; and William Bonilla (collectively "Defendants"), by and through undersigned counsel, hereby submit this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 as well as Fed. R. Civ. P. 81 to give notice of the removal of *Geneva Enterprises, LLC et al. v. Aaron Chavez et al.*, CL-2024-0004584 from the Circuit Court for Fairfax County, Virginia to this Honorable Court. The grounds for removal are as follows:

1.      Plaintiffs Geneva Enterprises, LLC; and AV Automotive, LLC (collectively "Plaintiffs") filed a "Petition to Stay and Enjoin Arbitration" against Defendants on March 28, 2024, alleging three counts: (1) Injunction Pursuant to Va. Code § 8.01-581.02; (2) Injunction – Federal Arbitration Act, 9 U.S.C. § 1, et seq.; and (3) Declaratory Judgment (hereinafter referred to as the "Petition"). Plaintiffs' Petition is attached here to as Exhibit A.

2.      Plaintiffs' Petition purports to seek declaratory and injunctive relief under federal and Virginia law concerning thirty-one (31) individual arbitration actions, one for each Defendant, that Defendants have filed with the American Arbitration Association as part of a mass arbitration against Plaintiffs (hereinafter "Mass Arbitration").

3.      Also on March 28, 2024, Plaintiffs filed a Motion to Stay Arbitration and for a Temporary Injunction (Plaintiffs' "Motion"). Plaintiffs' Motion is attached hereto as Exhibit B.

4.      On April 4, 2024, the Circuit Court for Fairfax County entered a Calendar Control Order setting a briefing schedule for Plaintiffs' Motion. According to the Order, Plaintiffs' opening brief was due April 26, 2024, and was limited to fifteen (15) pages; Defendants' responsive brief is due May 10, 2024, and is limited to fifteen (15) pages; and Plaintiffs' reply brief is due May 17,

2024, and is limited to five (5) pages. The Court also set a hearing on Plaintiffs' Motion for May 22, 2024, beginning at 10:00A.M. The Court's Order is attached hereto as Exhibit C.

5.      On April 26, 2024, Plaintiffs filed their opening brief in the Circuit Court of Fairfax County. Plaintiffs' opening brief is attached hereto as Exhibit D.

6.      In the Petition, Plaintiffs purport to seek declaratory and injunctive relief concerning Defendants' individual arbitration actions in the Mass Arbitration.

7.      Plaintiffs first count is pled pursuant to the Virginia Uniform Arbitration Act, Va. Code § 8.01-581.02, and purports to request both a temporary and permanent injunction to stay the Mass Arbitration and prevent Defendants from proceeding with the Mass Arbitration.

8.      Plaintiffs' second count, which is pled in the alternative to Plaintiffs' first count, is pled pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and purports to request an order staying the Mass Arbitration and preventing Defendants from proceeding with the Mass Arbitration.

9.      Plaintiffs' third count purports to seek a declaratory judgment concerning several aspects of an agreement containing the parties' arbitration provision, in addition to declaring all of Defendants' claims brough in the Mass Arbitration as void and waived.

10.      Plaintiffs' Petition pleads no other cause of action.

11.      In accordance with 28 U.S.C. § 1446(b), Defendants have timely filed this Notice of Removal on April 29, 2024, within thirty (30) days after Defendants received a copy of the Petition from which it was first ascertained that this matter is one which has become removable.

12.      In accordance with 28 U.S.C. § 1446(a), Defendants have filed contemporaneously with this Notice of Removal true and legible copies of all process, pleadings, documents, and orders received in connection with this matter. Copies of process received is attached hereto as

3

Exhibit E. Further, Defendants will file within thirty (30) days true and legible copies of all other documents then on file in the Circuit Court for Fairfax County, Virginia.

13.     This Court has original jurisdiction over this case under 28 U.S.C. §§ 1331 and 1441 because it involves claims or rights arising under the laws of the United States. Specifically, Plaintiffs' second count under the Federal Arbitration Act, a federal statute.

14.     Further, this Court has supplemental jurisdiction over Plaintiffs' state law claims or rights. "Where a district court has original jurisdiction over certain claims within a lawsuit, the court will also have supplemental jurisdiction over 'all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy.'" *See Conaway v. Close*, Civil Action No. 3:21cv725 (EWH), 2022 U.S. Dist. LEXIS 22773, at *9 (E.D. Va. Feb. 8, 2022) (quoting 28 U.S.C. § 1367(a)) ("In other words, a federal court has supplemental jurisdiction over state law claims that arise out of a common nucleus of operative fact as the claims over which the federal court has original jurisdiction, such that the plaintiff would ordinarily be expected to try all of the claims in one judicial proceeding." (cleaned up)).

15.     The undersigned represents all Defendants in this action and all Defendants consent to removal.

16.     Defendants will promptly file a copy of this notice of removal with the Clerk of the Circuit Court for Fairfax County, Virginia as required by 28 U.S.C. § 1446(d). The Notice of Removal Defendants will file with the Circuit Court for Fairfax County, Virginia is attached hereto as Exhibit F.

*/s/ Robert Tucci*
Robert W.T. Tucci (VSB No. 97446)
Zipin, Amster, & Greenberg LLC
8757 Georgia Ave., Ste 400
Silver Spring, MD 20910

Phone: 301-587-9373
Email: rtucci@zagfirm.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On April 29, 2024, I served ☐ *the original* ☒ *a true copy* of the foregoing document entitled:

- **NOTICE OF REMOVAL**

on all the appearing and/or interested parties in this action as follows:

Edward W. Cameron, Esq. (VSB No. 29448)
Matthew H. Sorensen, Esq. (VSB No. 65970)
Richard G. Cole III, Esq. (VSB No. 93440)
CAMERON/MCEVOY, PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
Telephone: (703) 273-8898
Facsimile: (703) 273-8897
ecameron@cameronmcevoy.com
msorensen@cameronmcevoy.com
rcole@cameronmcevoy.com

*Counsel for Plaintiffs*

☒ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Silver Spring, Maryland in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business practice of ZIPIN, AMSTER, & GREENBERG LLC for collection and processing correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by the USPS for overnight delivery.

☒ **(BY ELECTRONIC TRANSMISSION)** I caused said document(s) to be served via electronic transmission through either the Court's CM/ECF system, via electronic mail, or an electronic service provider to the addressee(s) listed above on the date below.

☐ **(BY PERSONAL SERVICE)** I delivered the foregoing document by hand delivery to the addressed named above.

I declare under penalty of perjury under the laws of the Commonwealth of Virginia that the foregoing is true and correct.

6

Executed on April 29, 2024, at Silver Spring, Maryland.

     */s/ Robert Tucci*
Robert W.T. Tucci