**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE CITY OF ALEXANDRIA

| | |
|---|---|
| PAUL BLAKEMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GENEVA ENTERPRISES, LLC, *et al.*, <br><br> Defendants. | Case No. CL21002289 |

### DEFENDANTS GENEVA ENTERPRISES, LLC AND AV AUTOMOTIVE, LLC's MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS

COME NOW Defendants GENEVA ENTERPRISES, LLC ("Geneva") and AV AUTOMOTIVE, LLC ("AV Automotive") (collectively, "Defendants"), by counsel and file this Memorandum of Law in Support of their Motion to Compel Arbitration and Stay Proceedings, and in support thereof state as follows:

### I.    STATEMENT OF FACTS

Defendants Geneva and AV Automotive are part the Rosenthal Automotive family of companies. Plaintiffs Paul Blakeman, Joseph Dean Pelton, Sang Lee, Francis Alan Magnotti, Hugo Coz, Jr., Kevin Mam, Hakim Hashimi, Robert Curry, Jr., Joshua Moskowitz, Crystal Williams and Rahmi Erkan (collectively, "Plaintiffs") are all former employees of Rosenthal Automotive. Plaintiffs filed this collective action complaint alleging 1) violation of the Virginia Wage Payment Act; 2) Violation of the Virginia Whistleblower Protection Law (as to Plaintiffs Paul Blakeman and Joseph Dean Pelton); and 3) Wrongful Discharge in Violation of Virginia Public Policy (as to Plaintiffs Paul Blakeman and Joseph Dean Pelton).

During and related to their former employment with Rosenthal Automotive, all Plaintiffs

received copies of the Rosenthal Automotive Employee Handbook. The Handbook contains a document titled "Agreement to Submit All Employment Disputes to Arbitration" ("Agreement to Arbitrate"), which sets forth the company's policy and the employee's agreement to arbitrate all disputes arising out of or relating to their employment. The document provides, in relevant part:

> I expressly agree that, except as otherwise, provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.
>
> This includes, but is not limited to, any claim arising out of: (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim of unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims); and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

*See* Exhibit A at Paragraph 1 (Agreements to Arbitrate of Paul Blakeman, Joseph Dean Pelton, Sang Lee, Francis Alan Magnotti, Hugo Coz, Jr., Kevin Mam, Hakim Hashimi, Robert Curry, Jr., Joshua Moskowitz, Crystal Williams, and Rahmi Erkan). All Plaintiffs executed this Agreement to Arbitrate. *See* Exhibit A.

## II.    ARGUMENT

### A. Plaintiffs' Agreement to Arbitrate Is Valid and Enforceable.

Plaintiffs each entered into separate, valid and enforceable contracts. They now must be held to the terms of that contract. Whether an arbitration agreement is enforceable is analyzed by the Courts under traditional principals of contract law. *See Phillips v. Mazyck*, 273 Va. 630, 635 (2007); *Mission Residential, LLC v. Triple Net Props., LLC,* 275 Va. 157, 161 (2008). Virginia Courts determine "whether a party assented to the terms of a contract from that party's words or acts, not from his or her unexpressed state of mind." *Id.*; *see also Umbrella Corp. Weapons Research Grp. V. AGF Defcom, Inc.*, 106 Va. Cir. 410, 416 (2020).

Virginia public policy favors arbitration. *Mission Residential, LLC v. Triple Net*

arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp v. Randolph*, 531 U.S. 79 (2000). Moreover, "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960); *Bank of the Commonwealth v. Hudspeth*, 282 Va. 216, 222 (2011) (holding that the circuit court erred in denying the Bank's motion to compel as no showing was made of "the most forceful evidence" showing intent to "exclude the claim from arbitration").

Plaintiffs' Agreements to Arbitrate must be interpreted under this standard. Plaintiffs signed valid and enforceable contracts. In signing the contracts, the Plaintiffs expressly agreed to arbitrate any dispute arising out of or related to their employment or termination. Every single Plaintiff executed this Agreement to Arbitrate. *See* Exhibit A. And they now must be held to the terms of this contract, which provides for their claims to be submitted to arbitration

### B. Any Question of Arbitrability Must Be Decided By The Assigned Arbitrator.

In any event, any question of arbitrability must be decided by the arbitrator, not the Court. The Agreements to Arbitrate signed by each plaintiff provide that a dispute about arbitrability must be resolved by the arbitrator. Virginia Courts have consistently held that where parties have made a clear agreement to submit to the arbitrator, the agreement should be enforced. *See Waterfront Marine Const., Inc. v. North End 49ers Sandbridge Bulkhead Groups A, B, and C*, 251 Va. 417, 427 (1996) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995)). In Paragraph 1 ("Submission to Arbitration") of the Agreement to Arbitrate, the parties expressly agreed that they would arbitrate "(iv) any dispute concerning the arbitrability of any claim." *See* Exhibit A.

In addition to the plain language in the Agreements to Arbitrate providing agreement to arbitrability, the plaintiffs also agreed to adhere to the "then-current Employment Dispute

964455v.1

3

Resolution Rules ("Rules") of the AAA." *See* Paragraph 2 of the Agreements to Arbitrate, Exhibit A. Rule 6(a) of these Rules expressly provides that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *See* AAA Employment Dispute Resolution Rules, Rule 6(a), https://www.adr.org/sites/default/files/EmploymentRules_Web_2.pdf (last visited November 30, 2021). Pursuant to the Agreements to Arbitrate, which are valid and voluntarily executed by the plaintiffs, jurisdiction is conferred to the arbitrator and is not properly before this Court.

## III.    CONCLUSION

In consideration of the foregoing, Defendants Geneva Enterprises, LLC and AV Automotive, LLC, move this Court to grant their Motion to Compel Arbitration and to Stay Proceedings and such other further relief as deemed appropriate, including but not limited to award of their costs incurred in bringing this motion.

Dated: December 2, 2021              Respectfully Submitted,

                                     GENEVA ENTERPRISES, LLC
                                     and AV AUTOMOTIVE, LLC

                                     By Counsel

                                     _____
                                     Yoora Pak, Esq.
                                     Christina M. Heischmidt, Esq., VSB No. 80463
                                     8444 Westpark Drive, Suite 510
                                     McLean, VA 22102-5102
                                     (703) 245-9300 (telephone)
                                     (703) 245-9301 (facsimile)
                                     Yoora.Pak@wilsonelser.com
                                     Christina.Heischmidt@wilsonelser.com
                                     *Counsel for Defendants*

964455v.1                                     4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served via Electronic Mail and U.S. mail, postage pre-paid, on this 2nd day of December, 2021, to:

Francisco Mundaca, VSB No. 96073
Robert W.T. Tucci
THE SPIGGLE LAW FIRM, PLLC
4830A 31st St., S, Suite A
Arlington, Virginia 22206
fmundaca@spigglelaw.com
rtucci@spigglelaw.com
*Counsel for Plaintiffs*

Yoora Pak

964455v.1

5

# EXHIBIT A

# Agreement to Submit
# All Employment Disputes to Arbitration
V04.2018

1. **Submission To Arbitration:** I expressly agree that, except as otherwise provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.

   This includes, but is not limited to, any claim arising out of: (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim for unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims; and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

2. **Pre-Arbitration Efforts To Resolve Disputes:** Before any dispute may be submitted to arbitration under this Agreement, the aggrieved party shall give written notice to the other party of the existence of a dispute within 60 days of the date on which that party first knew, or should have known, of the facts that created the basis for the dispute; otherwise, the claim shall be void and deemed waived. The parties will then make a good faith effort to resolve any dispute covered by this Agreement on an informal basis.

3. **Binding Arbitration:** If a covered dispute is not resolved as provided in paragraph 2 above, the aggrieved party shall submit the dispute for resolution by final binding arbitration. Writing a letter to the American Arbitration Association ("AAA"), 1150 Connecticut Avenue, NW, Washington, D.C. 20036, requesting arbitration will be conducted under the then-current Employment Dispute Resolution Rules ("Rules") of the AAA, provided however, the arbitration shall also allow for, and shall have the express authority to allow for, appropriate discovery and exchange of information before a hearing.

4. **The Limits And Procedures:** The aggrieved party must submit the dispute to arbitration, as provided paragraph 3 above, within 180 days of the date on which that party first knew or should have known of the facts that created the basis for the claim; otherwise, the claim shall be void and deemed waived.

**By signature, I confirm that I have read and understand each of the four sections set forth above in this Agreement.**

EMPLOYEE NAME: _____

SIGNED: _____

DATE: _____

*Property of Rosenthal Automotive (Confidential and Proprietary)*

 verifies the Electronic Signature of this document

## SIGNATURE

| | |
|---|---|
| **Signer Name:** | Crystal Williams |
| **User ID:** | BMW456 |
| **Date Electronically Signed:** | Jan 16, 2020 11:56 AM EST |
| **File Name:** | Arbitration.pdf |
| **Display Name:** | Arbitration Agreement v04.2018 |

# Agreement to Submit
# All Employment Disputes to Arbitration

1. **Submission To Arbitration:** I expressly agree that, except as otherwise provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.

   This includes, but is not limited to, any claim arising out of; (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim for unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims; and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

2. **Pre-Arbitration Efforts To Resolve Disputes:** Before any dispute may be submitted to arbitration under this Agreement, the aggrieved party must, shall give written notice to the other party of the existence of a dispute within 60 days of the date on which that party first knew, or should have known, of the facts that created the basis for the dispute; otherwise, the claim shall be void and deemed waived. The parties will then make a good faith effort to resolve any dispute covered by this Agreement on an informal basis.

3. **Binding Arbitration:** If a covered dispute is not resolved as provided in paragraph 2 above, he aggrieved party shall submit the dispute for resolution by final binding arbitration. Writing a letter to the American Arbitration Association ("AAA"), 1150 Connecticut Avenue, NW, Washington, D.C. 20036, requesting arbitration will be conducted under the then-current Employment Dispute Resolution Rules ("Rules") of the AAA, provided however, the arbitration shall also allow for, and shall have the express authority to allow for, appropriate discovery and exchange of information before a hearing.

4. **The Limits And Procedures:** The aggrieved party must submit the dispute to arbitration, as provided paragraph 3 above, within 180 days of the date on which that party first knew or should have known of the facts that created the basis for the claim; otherwise, the claim shall be void and deemed waived.

**By signature, I confirm that I have read and understand each of the four sections set forth above in this Agreement.**

EMPLOYEE NAME: Joseph Dean Pelton

SIGNED:

DATE: 08/06/2018

# Agreement to Submit
# All Employment Disputes to Arbitration
V04.2018

1. **Submission To Arbitration:** I expressly agree that, except as otherwise provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.

   This includes, but is not limited to, any claim arising out of; (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim for unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims; and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

2. **Pre-Arbitration Efforts To Resolve Disputes:** Before any dispute may be submitted to arbitration under this Agreement, the aggrieved party shall give written notice to the other party of the existence of a dispute within 60 days of the date on which that party first knew, or should have known, of the facts that created the basis for the dispute; otherwise, the claim shall be void and deemed waived. The parties will then make a good faith effort to resolve any dispute covered by this Agreement on an informal basis.

3. **Binding Arbitration:** If a covered dispute is not resolved as provided in paragraph 2 above, the aggrieved party shall submit the dispute for resolution by final binding arbitration. Writing a letter to the American Arbitration Association ("AAA"), 1150 Connecticut Avenue, NW, Washington, D.C. 20036, requesting arbitration will be conducted under the then-current Employment Dispute Resolution Rules ("Rules") of the AAA, provided however, the arbitration shall also allow for, and shall have the express authority to allow for, appropriate discovery and exchange of information before a hearing.

4. **The Limits And Procedures:** The aggrieved party must submit the dispute to arbitration, as provided paragraph 3 above, within 180 days of the date on which that party first knew or should have known of the facts that created the basis for the claim; otherwise, the claim shall be void and deemed waived.

**By signature, I confirm that I have read and understand each of the four sections set forth above in this Agreement.**

EMPLOYEE NAME: _____

SIGNED: _____

DATE: _____

*Property of Rosenthal Automotive (Confidential and Proprietary)*

 verifies the Electronic Signature of this document

## SIGNATURE

| | |
|---|---|
| **Signer Name:** | Joshua Moskowitz |
| **User ID:** | Moskowitzjd231 |
| **Date Electronically Signed:** | Feb 17, 2020 11:36 AM EST |
| **File Name:** | Arbitration.pdf |
| **Display Name:** | Arbitration Agreement v04.2018 |

# Agreement to Submit
# All Employment Disputes to Arbitration v04.2018

1. **Submission To Arbitration:** I expressly agree that, except as otherwise provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.

   This includes, but is not limited to, any claim arising out of; (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim for unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims; and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

2. **Pre-Arbitration Efforts To Resolve Disputes:** Before any dispute may be submitted to arbitration under this Agreement, the aggrieved party must, shall give written notice to the other party of the existence of a dispute within 60 days of the date on which that party first knew, or should have known, of the facts that created the basis for the dispute; otherwise, the claim shall be void and deemed waived. The parties will then make a good faith effort to resolve any dispute covered by this Agreement on an informal basis.

3. **Binding Arbitration:** If a covered dispute is not resolved as provided in paragraph 2 above, he aggrieved party shall submit the dispute for resolution by final binding arbitration. Writing a letter to the American Arbitration Association ("AAA"), 1150 Connecticut Avenue, NW, Washington, D.C. 20036, requesting arbitration will be conducted under the then-current Employment Dispute Resolution Rules ("Rules") of the AAA, provided however, the arbitration shall also allow for, and shall have the express authority to allow for, appropriate discovery and exchange of information before a hearing.

4. **The Limits And Procedures:** The aggrieved party must submit the dispute to arbitration, as provided paragraph 3 above, within 180 days of the date on which that party first knew or should have known of the facts that created the basis for the claim; otherwise, the claim shall be void and deemed waived.

**By signature, I confirm that I have read and understand each of the four sections set forth above in this Agreement.**

Print Name: _Kevin Mann_

Signature: _[signature]_

Date: _5/31/18_

# Agreement to Submit
# All Employment Disputes to Arbitration v04.2018

1.  **Submission To Arbitration:** I expressly agree that, except as otherwise provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.

    This includes, but is not limited to, any claim arising out of; (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim for unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims; and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

2.  **Pre-Arbitration Efforts To Resolve Disputes:** Before any dispute may be submitted to arbitration under this Agreement, the aggrieved party must, shall give written notice to the other party of the existence of a dispute within 60 days of the date on which that party first knew, or should have known, of the facts that created the basis for the dispute; otherwise, the claim shall be void and deemed waived. The parties will then make a good faith effort to resolve any dispute covered by this Agreement on an informal basis.

3.  **Binding Arbitration:** If a covered dispute is not resolved as provided in paragraph 2 above, he aggrieved party shall submit the dispute for resolution by final binding arbitration. Writing a letter to the American Arbitration Association ("AAA"), 1150 Connecticut Avenue, NW, Washington, D.C. 20036, requesting arbitration will be conducted under the then-current Employment Dispute Resolution Rules ("Rules") of the AAA, provided however, the arbitration shall also allow for, and shall have the express authority to allow for, appropriate discovery and exchange of information before a hearing.

4.  **The Limits And Procedures:** The aggrieved party must submit the dispute to arbitration, as provided paragraph 3 above, within 180 days of the date on which that party first knew or should have known of the facts that created the basis for the claim; otherwise, the claim shall be void and deemed waived.

**By signature, I confirm that I have read and understand each of the four sections set forth above in this Agreement.**

Print Name:  _A. Mazafti_

Signature:  _[signature]_

Date:  _5/6/18_

# Agreement to Submit
# All Employment Disputes to Arbitration v04.2018

1.  **Submission To Arbitration:** I expressly agree that, except as otherwise provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.

    This includes, but is not limited to, any claim arising out of; (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim for unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims; and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

2.  **Pre-Arbitration Efforts To Resolve Disputes:** Before any dispute may be submitted to arbitration under this Agreement, the aggrieved party must, shall give written notice to the other party of the existence of a dispute within 60 days of the date on which that party first knew, or should have known, of the facts that created the basis for the dispute; otherwise, the claim shall be void and deemed waived. The parties will then make a good faith effort to resolve any dispute covered by this Agreement on an informal basis.

3.  **Binding Arbitration:** If a covered dispute is not resolved as provided in paragraph 2 above, he aggrieved party shall submit the dispute for resolution by final binding arbitration. Writing a letter to the American Arbitration Association ("AAA"), 1150 Connecticut Avenue, NW, Washington, D.C. 20036, requesting arbitration will be conducted under the then-current Employment Dispute Resolution Rules ("Rules") of the AAA, provided however, the arbitration shall also allow for, and shall have the express authority to allow for, appropriate discovery and exchange of information before a hearing.

4.  **The Limits And Procedures:** The aggrieved party must submit the dispute to arbitration, as provided paragraph 3 above, within 180 days of the date on which that party first knew or should have known of the facts that created the basis for the claim; otherwise, the claim shall be void and deemed waived.

**By signature, I confirm that I have read and understand each of the four sections set forth above in this Agreement.**

Print Name: _Say Lee_

Signature: _X__

Date: _5/1/11_

# Agreement to Submit
# All Employment Disputes to Arbitration v04.2018

1.  **Submission To Arbitration:** I expressly agree that, except as otherwise provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.

    This includes, but is not limited to, any claim arising out of; (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim for unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims; and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

2.  **Pre-Arbitration Efforts To Resolve Disputes:** Before any dispute may be submitted to arbitration under this Agreement, the aggrieved party must, shall give written notice to the other party of the existence of a dispute within 60 days of the date on which that party first knew, or should have known, of the facts that created the basis for the dispute; otherwise, the claim shall be void and deemed waived. The parties will then make a good faith effort to resolve any dispute covered by this Agreement on an informal basis.

3.  **Binding Arbitration:** If a covered dispute is not resolved as provided in paragraph 2 above, he aggrieved party shall submit the dispute for resolution by final binding arbitration. Writing a letter to the American Arbitration Association ("AAA"), 1150 Connecticut Avenue, NW, Washington, D.C. 20036, requesting arbitration will be conducted under the then-current Employment Dispute Resolution Rules ("Rules") of the AAA, provided however, the arbitration shall also allow for, and shall have the express authority to allow for, appropriate discovery and exchange of information before a hearing.

4.  **The Limits And Procedures:** The aggrieved party must submit the dispute to arbitration, as provided paragraph 3 above, within 180 days of the date on which that party first knew or should have known of the facts that created the basis for the claim; otherwise, the claim shall be void and deemed waived.

By signature, I confirm that I have read and understand each of the four sections set forth above in this Agreement.

Print Name: _____

Signature: _____

Date: _____05/08/18_____

# Agreement to Submit
# All Employment Disputes to Arbitration v04.2018

1.  **Submission To Arbitration:** I expressly agree that, except as otherwise provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.

    This includes, but is not limited to, any claim arising out of; (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim for unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims; and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

2.  **Pre-Arbitration Efforts To Resolve Disputes:**  Before any dispute may be submitted to arbitration under this Agreement, the aggrieved party must, shall give written notice to the other party of the existence of a dispute within 60 days of the date on which that party first knew, or should have known, of the facts that created the basis for the dispute; otherwise, the claim shall be void and deemed waived. The parties will then make a good faith effort to resolve any dispute covered by this Agreement on an informal basis.

3.  **Binding Arbitration:** If a covered dispute is not resolved as provided in paragraph 2 above, he aggrieved party shall submit the dispute for resolution by final binding arbitration. Writing a letter to the American Arbitration Association ("AAA"), 1150 Connecticut Avenue, NW, Washington, D.C. 20036, requesting arbitration will be conducted under the then-current Employment Dispute Resolution Rules ("Rules") of the AAA, provided however, the arbitration shall also allow for, and shall have the express authority to allow for, appropriate discovery and exchange of information before a hearing.

4.  **The Limits And Procedures:** The aggrieved party must submit the dispute to arbitration, as provided paragraph 3 above, within 180 days of the date on which that party first knew or should have known of the facts that created the basis for the claim; otherwise, the claim shall be void and deemed waived.

By signature, I confirm that I have read and understand each of the four sections set forth above in this Agreement.

Print Name: _RAHMI ERKAN_

Signature: _[signature]_

Date: _5-17-18_

# Agreement to Submit
# All Employment Disputes to Arbitration

1.  **Submission To Arbitration:** I expressly agree that, except as otherwise provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.

    This includes, but is not limited to, any claim arising out of; (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim for unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims; and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

2.  **Pre-Arbitration Efforts To Resolve Disputes:** Before any dispute may be submitted to arbitration under this Agreement, the aggrieved party must, shall give written notice to the other party of the existence of a dispute within 60 days of the date on which that party first knew, or should have known, of the facts that created the basis for the dispute; otherwise, the claim shall be void and deemed waived. The parties will then make a good faith effort to resolve any dispute covered by this Agreement on an informal basis.

3.  **Binding Arbitration:** If a covered dispute is not resolved as provided in paragraph 2 above, he aggrieved party shall submit the dispute for resolution by final binding arbitration. Writing a letter to the American Arbitration Association ("AAA"), 1150 Connecticut Avenue, NW, Washington, D.C. 20036, requesting arbitration will be conducted under the then-current Employment Dispute Resolution Rules ("Rules") of the AAA, provided however, the arbitration shall also allow for, and shall have the express authority to allow for, appropriate discovery and exchange of information before a hearing.

4.  **The Limits And Procedures:** The aggrieved party must submit the dispute to arbitration, as provided paragraph 3 above, within 180 days of the date on which that party first knew or should have known of the facts that created the basis for the claim; otherwise, the claim shall be void and deemed waived.

**By signature, I confirm that I have read and understand each of the four sections set forth above in this Agreement.**

EMPLOYEE NAME: _____

SIGNED: _____

DATE: _____

 verifies the Electronic Signature of this document

| SIGNATURE | |
|---|---|
| Signer Name: | Robert Curry jr |
| User ID: | robcurry26 |
| Date Electronically Signed: | Oct 31, 2019 11:10 AM EDT |
| File Name: | Arbitration Agreement |
| Display Name: | Arbitration Agreement |

# Agreement to Submit
# All Employment Disputes to Arbitration v04.2018

1. **Submission To Arbitration:** I expressly agree that, except as otherwise provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.

   This includes, but is not limited to, any claim arising out of; (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim for unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims; and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

2. **Pre-Arbitration Efforts To Resolve Disputes:** Before any dispute may be submitted to arbitration under this Agreement, the aggrieved party must, shall give written notice to the other party of the existence of a dispute within 60 days of the date on which that party first knew, or should have known, of the facts that created the basis for the dispute; otherwise, the claim shall be void and deemed waived. The parties will then make a good faith effort to resolve any dispute covered by this Agreement on an informal basis.

3. **Binding Arbitration:** If a covered dispute is not resolved as provided in paragraph 2 above, he aggrieved party shall submit the dispute for resolution by final binding arbitration. Writing a letter to the American Arbitration Association ("AAA"), 1150 Connecticut Avenue, NW, Washington, D.C. 20036, requesting arbitration will be conducted under the then-current Employment Dispute Resolution Rules ("Rules") of the AAA, provided however, the arbitration shall also allow for, and shall have the express authority to allow for, appropriate discovery and exchange of information before a hearing.

4. **The Limits And Procedures:** The aggrieved party must submit the dispute to arbitration, as provided paragraph 3 above, within 180 days of the date on which that party first knew or should have known of the facts that created the basis for the claim; otherwise, the claim shall be void and deemed waived.

**By signature, I confirm that I have read and understand each of the four sections set forth above in this Agreement.**

Print Name: _Hugo F. Coz Jr_

Signature: _____

Date: _5/9/18_

# Agreement to Submit
# All Employment Disputes to Arbitration v04.2018

1. **Submission To Arbitration:** I expressly agree that, except as otherwise provided below, any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration.

   This includes, but is not limited to, any claim arising out of; (i) any statute or regulation, including any claim of discrimination; (ii) any tortious conduct; (iii) any breach of contract; (iv) any dispute concerning the arbitrability of any claim; (v) any claim for unfair competition, including violation of any restrictive covenant relating to noncompetition, non-solicitation of customers and/or employees, and/or improper use of disclosure of confidential information or trade secrets (but not efforts to obtain injunctive relief relating to such claims; and (vi) any claims made against any company affiliated with the Company or against any stockholder, officer, director, manager or supervisor of the Company or of any such affiliated company.

2. **Pre-Arbitration Efforts To Resolve Disputes:** Before any dispute may be submitted to arbitration under this Agreement, the aggrieved party must, shall give written notice to the other party of the existence of a dispute within 60 days of the date on which that party first knew, or should have known, of the facts that created the basis for the dispute; otherwise, the claim shall be void and deemed waived. The parties will then make a good faith effort to resolve any dispute covered by this Agreement on an informal basis.

3. **Binding Arbitration:** If a covered dispute is not resolved as provided in paragraph 2 above, he aggrieved party shall submit the dispute for resolution by final binding arbitration. Writing a letter to the American Arbitration Association ("AAA"), 1150 Connecticut Avenue, NW, Washington, D.C. 20036, requesting arbitration will be conducted under the then-current Employment Dispute Resolution Rules ("Rules") of the AAA, provided however, the arbitration shall also allow for, and shall have the express authority to allow for, appropriate discovery and exchange of information before a hearing.

4. **The Limits And Procedures:** The aggrieved party must submit the dispute to arbitration, as provided paragraph 3 above, within 180 days of the date on which that party first knew or should have known of the facts that created the basis for the claim; otherwise, the claim shall be void and deemed waived.

By signature, I confirm that I have read and understand each of the four sections set forth above in this Agreement.

Print Name: _____Paul Blakema_____

Signature: _____

Date: _____5/30/18_____